UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DAVID ORTIZ BURCIAGA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No.: 11-CR-4872-L-1<br><br>**ORDER DENYING MOTION FOR MODIFICATION OF TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(C)(2) AS MOOT** |
|---|---|

On September 16, 2015, Petitioner David Ortiz Burciaga ("Petitioner"), proceeding *pro se*, filed a motion for relief of sentence pursuant to 18 U.S.C. § 3582(c)(2). Petitioner's motion is based upon Amendment 782 of the United States Sentencing Guidelines that pertain to drug trafficking offenses which became effective November 1, 2016.

Petitioner pled guilty to one count of importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 962 contained in a Superceding Indictment. On February 28, 2014, this Court sentenced Petitioner to 60 months in the custody of the Bureau of Prisons, with a 5 year term of supervised release to follow. Petitioner now argues he is entitled to a reduction in the term of his custodial sentence pursuant to Amendment 782.

Amendment 782 reduces the base offense level for drug trafficking offenses in § 2D1.1(c) of the Sentencing Guidelines. *See* Amendment 782, Supplement to Appendix

C, Amendments to the Guidelines Manual.  Petitioner falls within the purview of this change.  A motion for reduction of sentence under § 3582(c)(2) "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the guidelines." *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (quoting *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (internal quotation marks omitted)).  Whether to reduce a sentence under § 3582(c)(2) is a discretionary decision.  *See* 18 U.S.C. § 3582(c)(2) ("[T]he court *may* reduce the term of imprisonment.") (emphasis added); *Townsend*, 98 F.3d at 512 ("[T]he decision whether to reduce a sentence under § 3582 is within the discretion of the district court judge."); *United States v. Cueto*, 9 F.3d 1438, 1440 (9th Cir. 1993) ("Courts have discretion to reduce a previously imposed term of imprisonment when the Sentencing Commission reduces the sentencing range, and the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.' ") (quoting 18 U.S.C. § 3582(c)(2)).

    Petitioner was released from custody on March 2, 2016, therefore, the term of his custodial sentence cannot be reduced and the Court **DENIES** the motion as moot.

    **IT IS SO ORDERED.**

Dated:  March 13, 2017

Hon. M. James Lorenz
United States District Judge

COPIES TO:
PETITIONER
U.S. ATTORNEY'S OFFICE